UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| VILAYCHITH KHOUANMANY, <br><br> Petitioner, <br><br> v. <br><br> MARK GUTIERREZ, Warden, et al., <br><br> Respondent. | Case No. 5:21-cv-00989-JFW-JDE <br><br> ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

On June 7, 2021, Petitioner Vilaychith Khouanmany ("Petitioner"), a federal prisoner at FCI-Victorville II-Satellite Camp proceeding pro se, filed a 244-page Petition for a Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241 (Dkt.1, "Pet." or "Petition"), purporting to challenge how her "sentence is being carried out, calculated, or credited," disciplinary proceedings, and seeking immediate release or release to home confinement under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136 and earned time credits under the First Step Act of 2018[1]

---

[1] Petitioner also references the Second Chance Act, but none of her grounds for relief seek relief under the Second Chance Act.

("First Step Act"). Pet. at 2 (CM/ECF pagination). On June 25, 2021, Petitioner filed a 156-page "Motion to Supplements" with attachments, seeking leave to supplement Grounds Four and Eight of the Petition. Dkt. 9 ("Motion to Supplement").[2] To the extent Petitioner seeks to supplement her Petition, that request (Dkt. 9) is GRANTED.

A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. See Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254). Accordingly, a district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the "judge must dismiss the petition." Habeas Rule 4; Mayle v. Felix, 545 U.S. 644, 656 (2005). The Court has reviewed the Petition under Rule 4 of the Habeas Rules as well as the Motion to Supplement and finds the Petition is subject to dismissal for the reasons explained below.

# I.
# PROCEDURAL HISTORY

In 2016, Petitioner pleaded guilty to conspiracy to distribute methamphetamine in the United States District Court for the Southern District of Iowa, Case No. 4:16-cr-00045-JAJ ("Underlying Action"). Pet. at 1; United

---

[2] Petitioner appears to request that the Petition and Motion to Supplement be filed under seal. Pet. at 1; Motion to Supplement at 1. To the extent Petitioner desires to file any documents under seal or believes that a portion of a previous document should be redacted or sealed, the Court refers Petitioner to Central District Local Civil Rule 79-5, which sets forth the procedures that must be followed and the standards that will be applied when a party seeks authorization from the Court to file materials under seal.

States v. Khouanmany, 726 F. App'x 514 (8th Cir. 2018) (per curiam). Petitioner was designated a "career offender" under the sentencing guidelines and sentenced to 151 months of incarceration. Khouanmany, 726 F. App'x at 514. Petitioner appealed the judgment, which was affirmed by the Eighth Circuit Court of Appeals on June 8, 2018. Id. at 515. A petition for rehearing was denied as untimely on September 17, 2018. United States v. Khouanmany, Case No. 17-1243 (8th Cir.), Dkt. 4705540.[3] Petitioner filed a petition for writ of certiorari, which was denied by the Supreme Court on November 13, 2018. Id., Dkt. 4726486.

Meanwhile, Petitioner has filed multiple motions for reduction of sentence and compassionate release in the Southern District of Iowa, which have been denied. See Underlying Action, Dkt. 62-63, 90, 95-96, 99, 116-121, 127-129, 137, 144. On June 24, 2021, Petitioner filed a notice of appeal of the district court's denial of her motion for compassionate release. Id., Dkt. 145. The Eight Circuit affirmed the district court's denial on June 28, 2021. Id., Dkt. 149. As noted, Petitioner filed the instant Petition on June 7, 2021.

## II.
## PETITIONER'S CLAIMS

As best the Court can discern, Petitioner asserts the following grounds for relief:

    1.    The Federal Bureau of Prisons ("BOP") incorrectly concluded that Petitioner did not qualify for earned time credits under the First Step Act. Pet. at 6, 12.

---

[3] The Court takes judicial notice of the relevant federal records available electronically. See United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through [the Public Access to Court Electronic Records]."); Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding).

3

2. The BOP "is NOT providing [Petitioner] credits of 'Earned time Credits' under the First Step Act." Pet. at 12, 31.

3. The BOP denied her rights to home confinement under the CARES Act. Pet. at 12, 31-34.

4. John Martin ("Martin") violated her equal protection rights by falsifying a statement in an incident report (Incident Report No. 3504238) and failing to properly serve her with the incident report. Pet. at 13, 84, 88-89. In her Motion to Supplement, Petitioner further contends that Martin's actions violated her Eighth Amendment rights. Motion to Supplement at 1.

5. P. Torres, a secretary at FPC-Phoenix, retaliated against Petitioner for requesting medical treatment by filing an incident report (Incident Report No. 3241472) against her. Pet. at 97.

6. Martin violated the Eighth and Fourteenth Amendments by retaliating against Petitioner for filing grievances by falsifying an incident report and firing her. Martin also violated Petitioner's Sixth Amendment right to access to counsel and the courts by denying adequate access to the law library. Pet. at 100-101.

7. Petitioner's administrative grievances have not been properly processed in violation of her constitutional rights. Pet. at 104-106, 190.

8. Petitioner was denied adequate medical treatment. Pet. at 190; Motion to Supplement at 1-6.

## III.
## DISCUSSION

**A.  The Court Lacks Jurisdiction Over Petitioner's Claims Challenging the Conditions of Her Confinement**

"Federal law opens two main avenues to relief on complaints related to imprisonment"—a petition for habeas corpus and a civil rights complaint. Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). Relief in the form

of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). In general, habeas proceedings provide a forum in which to challenge the "legality or duration" of a prisoner's confinement. Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) (as amended); see also Nettles v. Grounds, 830 F.3d 922, 927, 934 (9th Cir. 2016) (en banc) (habeas is "the exclusive vehicle" for claims that fall within "the core of habeas corpus," that is, claims challenging "the fact or duration of the conviction or sentence"). By contrast, a civil rights action is the "proper remedy" for a petitioner asserting "a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the] core" of habeas corpus and instead, should be brought as a civil rights action "in the first instance"); Greenhill v. Lappin, 376 F. App'x 757 (9th Cir. 2010) (appropriate remedy for claim related to the conditions of confinement lies in a civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)). Thus, if success on a habeas petitioner's claim would not necessarily lead to her immediate or earlier release from confinement, the claim does not fall within "the core of habeas corpus" and thus, must be pursued, if at all, under 42 U.S.C. § 1983. Nettles, 830 F.3d at 935; see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

Here, it appears Grounds Four through Eight do not fall within the core of habeas corpus. In Ground Six, Petitioner alleges Martin retaliated against her for filing administrative grievances and requests her prior job assignment and that Martin be fired. Pet. at 100-101. In Ground Seven, Petitioner claims

5

that her grievances are not being properly processed and requests injunctive relief allowing her to pursue administrative remedies without repercussion and that the Warden's Executive Assistant be fired. Id. at 104-106. In Ground Eight, Petitioner alleges inadequate medical care and seeks immediate release. Id. at 190. These claims all relate to Petitioner's conditions of confinement, and success on these claims would not result in an immediate or speedier release from custody, despite the relief being sought. See Nettles, 830 F.3d at 933 (explaining that "prisoners may not challenge mere conditions of confinement in habeas corpus"); Shook v. Apker, 472 F. App'x 702, 702-03 (9th Cir. 2012) (finding claims on conditions of confinement were properly brought under Bivens despite the relief sought); Stephens v. Cty. of San Bernardino, 2019 WL 1412123, at *1 (C.D. Cal. Feb. 20, 2019) (concluding that conditions of confinement claims must be brought in 42 U.S.C. § 1983 action regardless of the petitioner's request for release from custody), report and recommendation accepted by 2019 WL 1406954 (C.D. Cal. Mar. 27, 2019); Crane v. Beard, 2017 WL 1234096, at *4 (C.D. Cal. Apr. 3, 2017) (finding that retaliation claim challenged the petitioner's conditions of confinement and therefore, was not cognizable on federal habeas review).

Similarly, Grounds Four and Five do not challenge Petitioner's conviction or sentence. Both claims challenge the issuance of two incident reports. A petitioner may not challenge a disciplinary violation on federal habeas review if success on the claim would not necessarily lead to immediate or earlier release from confinement. Nettles, 830 F.3d at 935; Ramirez, 334 F.3d at 852 (concluding that state prisoner "may challenge the conditions of his confinement under § 1983 because his claim, if successful, would not necessarily invalidate a disciplinary action that affects the fact or length of his confinement."). Here, Petitioner does not contend that expungement of these incident reports would affect the legality or duration of her sentence. There are

no allegations that Petitioner was assessed good conduct credits or that she lost any credit as a result of these incident reports. Rather, Petitioner claims she was never sanctioned as result of the incident report challenged in Ground Four (Pet. at 84; Motion for Supplement at 1) and was placed in segregated housing as a result of the incident report in Ground Five (Pet. at 84, 97). Even if the Court were to grant relief on these claims, this would not necessarily result in an immediate or speedier release. Accordingly, it appears that these claims do not fall within "the core of habeas corpus."

As such, the Court lacks jurisdiction as to Grounds Four through Eight.[4]

## B. Petitioner Has Raised Several Grounds for Relief in Other Actions

In addition, Petitioner has pursued several of the grounds for relief asserted here in other actions. In particular, Petitioner filed a Section 2241 pending in the Northern District of California ("Northern District"), wherein she raised claims corresponding with Grounds One through Three, Ground Five, and a portion of Ground Eight. See Khouanmany v. Carvajal, 2021 WL 2186218, at *5-9 (N.D. Cal. May 28, 2021). Like the allegations in Grounds One through Three of the instant Petition, Petitioner challenged an allegedly "wrongful denial of earned time credit under the First Step Act and an improper Bureau of Prisons risk assessment" and claimed she was entitled to be transferred to a halfway house or home confinement pursuant to the CARES Act. Id. at *5, 8. The Northern District dismissed Petitioner's claim

---

[4] Although the Ninth Circuit in Nettles stated that a district court may convert a non-cognizable habeas petition into a civil rights complaint after notifying the prisoner and obtaining her informed consent, 830 F.3d at 935-36, conversion is not warranted here for a number of reasons, including that Petitioner has raised several of the grounds for relief alleged here in other pending actions, see Khouanmany v. Carvajal, Case No. 20-cv-02858-LHK (N.D. Cal.) and Khouanmany v. Penzone, et al., Case No. 20-16594 (9th Cir.); prisoner civil rights actions are subject to different requirements, including higher filing fees; and venue for one or more of her claims properly lies in other districts. See 28 U.S.C. § 1391(b).

based on the First Step Act with leave to amend, in part, because the claim was unexhausted and may not be ripe because the BOP has until 2022 to implement a program for earned time credits. Id. at *5-7. In particular, "[t]he First Step Act gave the BOP until July 19, 2019 to develop a risk and needs assessment system; until January 15, 2020, to initially assess each inmate's risk and needs; and until January 15, 2022 to complete a full assessment of each inmate, phase in programming, and provide recidivism reduction programs and productive activities for all inmates." Id. at *7.

The district court in the Northern District dismissed Petitioner's claim based on the CARES Act without leave to amend, concluding that the court lacked authority to order the BOP to place Petitioner on home confinement. Khouanmany, 2021 WL 2186218, at *8. The Court agrees. The CARES Act expands the BOP's authority to transfer incarcerated defendants to home confinement without judicial intervention.[5] Id. The CARES Act allows the BOP to "lengthen the maximum amount of time" for which a prisoner may be placed in home confinement under § 3624(c)(2) "as the Director determines appropriate," assuming "the Attorney General finds that emergency conditions will materially affect the functioning" of the BOP. CARES Act, Pub. L. 116-136, § 12003(b)(2) (2020). Courts have found that the CARES Act does not provide district courts with the authority to unilaterally release federal inmates serving federal criminal sentences to home detention. See, e.g., United States v. Medel, 2021 WL 1200182, at *1 n.1 (C.D. Cal. Mar. 30, 2021) (explaining

---

[5] In Ground Three, Petitioner challenges the BOP's failure to release her to home confinement, but elsewhere in the Petition she claims she is seeking "IMMEDIATE RELEASE and/or Release to HOME Confinement under CARES ACT." Pet. at 2, 12. Petitioner provides no explanation or legal basis for seeking immediate release under the CARES Act and as such, the Court assumes she is requesting immediate release to home confinement. See id. at 2 (alleging that she requested immediate release to home confinement through the administrative remedy process).

8

that the court lacked authority to direct the BOP to designate the plaintiff for home confinement under the CARES Act); <u>Tims v. Von Blanckensee</u>, 2021 WL 769692, at *3 (C.D. Cal. Jan. 26, 2021) (finding that the decision whether to place the petitioner in home confinement was "within the exclusive province of the BOP" and the court did not have the authority to order a transfer to home confinement under the CARES Act), <u>findings and recommendations accepted by</u> 2021 WL 765417 (C.D. Cal. Feb. 26, 2021); <u>Cruz v. Jenkins</u>, 2020 WL 6822884, at *3 (N.D. Cal. Nov. 20, 2020) ("[T]he BOP's determination remains discretionary and outside the scope of a Section 2241 petition even if the petition purports to rely on the CARES Act.").

      Petitioner also challenged the issuance of Incident Report 3241472 in her Section 2241 petition before the Northern District, the same incident report at issue in Ground Five. See <u>Khouanmany v. Carvajal</u>, Case No. 5:20-cv-02858-LHK (N.D. Cal.) ("Northern District Action"), Dkt. 1. The district court dismissed this claim without leave to amend, in part, because Petitioner was already pursuing this claim in a civil rights action in Arizona District Court. <u>Khouanmany</u>, 2021 WL 2186218, at *7 (citing <u>Khouanmany v. Penzone</u>, No. 2:19-cv-02983-SRB-JZB (D. Ariz.) ("Arizona Action")). On August 3, 2020, the district court in the District of Arizona dismissed Petitioner's third amended complaint without prejudice. Arizona Action, Dkt. 51-52. Petitioner appealed this decision to the Ninth Circuit, which remains pending. <u>Khouanmany v. Penzone, et al.</u>, Case No. 20-16594 (9th Cir.).

      Petitioner also has pursued claims based on inadequate medical care while she was housed at FCI-Dublin and FCI-Phoenix, as she does here. She appears to be pursuing a similar claim based on inadequate medical care in her pending Ninth Circuit action and she raised a claim in the Northern District that she was denied adequate medical care while housed at FCI-Dublin. See <u>Khouanmany</u>, 2021 WL 2186218, at *9; <u>Khouanmany</u>, Case No. 20-16594,

Dkt. 28. The district court in the Northern District dismissed this claim without leave to amend, concluding, as the Court has explained here, that challenges to the conditions of confinement must be brought in a civil rights action. The district court also found that to the extent Petitioner sought release for inadequate medical care, such claim failed on the face of the Petition. Id. While Petitioner was granted leave to amend on her First Step Act claim, on June 30, 2021, she voluntarily dismissed her Northern District Action. Northern District Action, Dkt. 31.

It is unclear from Petitioner how she may pursue the same grounds for relief in more than one suit, based on the same underlying issues. Petitioner may not circumvent a decision by another district court by filing the same request in a different court. See Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp., 273 F. App'x 256, 265 (4th Cir. 2008) (per curiam) (dismissal pursuant to rule against claim splitting was appropriate where plaintiff sought to circumvent earlier court decision denying motion for leave to file an amended complaint). This Court is authorized to control its docket and can take steps in the interests of judicial economy to limit efforts by the same petitioner from filing multiple suits based upon the same alleged underlying conduct when one suit will do. See Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688, 692-93 (9th Cir. 2007), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008); see also Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (noting that between federal district courts, "the general principle is to avoid duplicative litigation"). Petitioner is "not at liberty to split up [her] demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail[s]." Cook v. C.R. England, Inc., 2012 WL 2373258, at *3 (C.D. Cal. June 21, 2012) (quoting United States v. The Haytian Republic, 154 U.S. 118, 125 (1894)). Accordingly, it appears

several of Petitioner's grounds for relief are subject to dismiss on this basis. See, e.g., Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982) (federal comity permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district).

### C. Venue is Not Proper as to One or More Grounds for Relief

In addition to the defects previously described, the Central District of California is not the proper venue for Ground Five and portions of Ground Eight. Pursuant to 28 U.S.C. § 1391(b), venue over civil actions properly lies only in: (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action if there is no district in which the action may otherwise be brought. If venue does not properly lie in the district where the action is filed, the Court must either dismiss the action, or if it be in the interest of justice, transfer the action to the proper district. 28 U.S.C. § 1406(a).

In this case, the incident report in Ground Five was issued while Petitioner was incarcerated in the District of Arizona. See Pet. at 97. As such, this ground for relief properly lies in that district. See 28 U.S.C. § 82. In Ground Eight, Petitioner claims that her medical treatment has been delayed, ignored, refused, and denied over the past five years, including while she was incarcerated at FCI-Dublin and FCI-Phoenix. Motion to Supplement at 2, 4. FCI-Dublin in located in Alameda County, within the Northern District, and FCI-Phoenix is located in the District of Arizona. To the extent Petitioner seeks to pursue a claim based on the lack of medical treatment while she was housed at FCI-Dublin or FCI-Phoenix, those claims properly lie in the

Northern District and District of Arizona. See 28 U.S.C. §§ 82, 84. As such, venue is not proper as to Petitioner's claims arising out of conduct that occurred in the District of Arizona or Northern District.

## IV.

## ORDER

The Court GRANTS the Motion to Supplement (Dkt. 9). Nonetheless, for the foregoing reasons, the Petition is subject to dismissal. Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed by filing a written response **by no later than thirty (30) days from the date of this Order** which sets forth any valid legal and/or factual reasons why the Petition should not be dismissed for the foregoing deficiencies.

<u>Alternatively</u>, Petitioner may file an amended petition **within thirty (30) days of the date of this Order** to attempt to cure the above-referenced defects. <u>The Clerk is directed to send Petitioner a blank copy of the Central District habeas petition form for this purposes.</u> The amended petition should reflect the same case number; be clearly labeled "First Amended Petition"; and be filled out completely, including clearly and concisely setting forth every ground on which Petitioner claims she is being held unlawfully. Any such amended complaint shall be complete in and of itself without reference to the prior complaint or other pleading, attachment, or document.

Petitioner is cautioned that a failure to respond timely in compliance with this Order will result in a recommendation that this action be dismissed for the reasons explained above and for failure to prosecute and comply with Court orders. See Fed. R. Civ. P. 41(b).

Dated: July 01, 2021

_____
JOHN D. EARLY
United States Magistrate Judge